271 P.2d 852

**MILLARD v. PARRY et al.**

No. 8026.

Supreme Court of Utah.

June 15, 1954.

Paul E. Reimann, Salt Lake City, for appellant.

W. D. Beatie, Salt Lake City, for respondents.

HOYT, District Judge.

This is an appeal from a judgment for defendants in a suit brought by plaintiff, a general contractor, to enforce a lien claimed for a balance alleged to be owing for construction of an apartment building. The defendant owners, Jesse H. Parry and wife, denied that any balance was owing to plaintiff and they counterclaimed for damages alleged to be due them for failure of plaintiff to construct the building in accordance with the terms of a written contract. The defendants Strand Electric Service Company and Otto Drews claimed liens as subcontractors, and during the pendency of the action their claims together with that of another subcontractor were settled pursuant to stipulation of plaintiff and the defendants Parry and were paid by Parrys prior to entry of judgment. The trial court found in favor of the defendants Parry and wife, and entered a decree denying the plaintiff relief and requiring him to release his lien. The court also found that after crediting Parry with the amount paid to subcontractors after commencement of trial, he had made an overpayment of $435.30. The court therefore gave him judgment against plaintiff for that amount. The plaintiff appeals and alleges that the decree entered contains contradictory and erroneous provisions and that the court erred in certain of its findings of fact and conclusions of law

Plaintiff's first point is that since the decree contains a provision declaring

defendant Parry's counterclaim dismissed the further provision granting Parry an affirmative judgment is necessarily erroneous. We think there is no merit to the point in view of the findings of the court and the stipulation entered into between plaintiff and defendants prior to entry of judgment, by which it was agreed that the plaintiff might pay to subcontractors Strand Electric Company, Otto Drews and John Lee Floor Coverings the total sum of $4,338.47 found by the court to be due them. The payment of this amount to the subcontractors to extinguish their liens resulted in a total overpayment, as found by the court, of $435.30. This payment, and the language of the stipulation pursuant to which it was paid, justified the judgment for that amount in Parry's favor.

■ Plaintiff's next point is that it was error for the court to order plaintiff to release his lien. Counsel argues that there was no necessity for requiring the plaintiff to release his lien, since the dismissal of the plaintiff's action would extinguish the lien if the judgment were sustained on appeal, and that, by requiring the release of the lien, plaintiff would be deprived of the security he would otherwise have if he prevailed on appeal. This contention ignores the fact that defendants had the right to have their title cleared of plaintiff's lien claim upon judgment being rendered in their favor. If plaintiff desired to appeal and to save his lien right pending appeal he could have avoided executing the release by posting a supersedeas bond. In this connection it should be noted that Sec. 38–1–24 of our lien statute requires a lien claimant to release his lien, upon payment of same, within ten days after request of any person having an interest in the property, and for failure so to do he shall forfeit $20 per day until the same is canceled. We hold that the court did not err in requiring the plaintiff to release his claim of lien.

■■ Plaintiff's next point is that the court erroneously denied plaintiff interest on sums aggregating $3,781.50 found to be due and owing from Parry at time of trial and by allowing Parry credit for interest paid to the subcontractors in connection with their lien claims. In answer to this, counsel for Parry contends that the balance found by the court to be owing from Parry on his contract at the time of trial was for items of extras for which plaintiff had not billed defendants until time of trial. Counsel for plaintiff replies by saying that plaintiff had, prior to trial, billed Parry for a total balance of $24,752.91. That billing however was for a balance claimed by plaintiff to be owing upon the whole construction upon a cost-plus basis. The court found, and we think correctly, that there was no contract for construction of the building on the cost-plus basis. That billing therefore cannot be considered a billing for the extras referred to. The allowance of credit to Parry for interest paid on the lien claims of the subcontractors was therefore not error. The lien claimants were entitled to

interest on their over-due accounts and if plaintiff had not billed defendant for his extras until trial, then under the terms of the contract he, and not Parry, should be charged with interest due the subcontractors. Also, it was not error for the court to deny plaintiff interest on amounts found due him for extras for which no billing had been made prior to trial. The fact that he had made an unfounded claim for a much larger amount on an alleged cost-plus contract which did not exist, did not justify him in claiming interest upon the claims not previously billed as extras. The terms of the contract relating to extras required presentation of the contractor's accounts, with vouchers, before payment became due, and also that "If any lien remains unsatisfied after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging such lien, including all costs and a reasonable attorney fee."

Plaintiff's next contention is that the court erred in allowing defendants their attorney fees and costs when it was found by the court that at commencement of trial a balance of $3,803.17 was due from Parry on his contract. We believe the same facts referred to above regarding allowance of interest disposes of this claim of plaintiff and that the court was correct in allowing defendants their attorney fees and costs. When plaintiff filed a claim of lien for $24,-752.91 based upon a cost-plus contract which did not exist, and then commenced suit upon such claim, he should not object to an award of attorney fees to the defendants incurred in resisting the claim. Also, since plaintiff had not billed Parry specifically for the extras for which payment had not been made, it was not necessary for Parry to make a tender in order to be entitled to his costs and attorney fees.

Plaintiff's fifth point is that he reduced his bid for construction of the apartment building to $82,000 in reliance on directions of Parry's architect for omission of certain items contained in the specifications from his bid, and also in reliance upon the promise of architect supervision and non-interference by the owners, and on the representation that additional construction was being awarded to him, and that therefore he was not bound under his contract when "defendants disregarded the contract and deprived plaintiff of a substantial portion of the consideration for which he bargained." Plaintiff appears to contend that the contract for construction was abrogated when Parry did not give him a contract for the additional construction or when the services of the architect were terminated, and that the contract was then converted into a contract for construction on a cost-plus-ten-percent basis. The trial court found that the items referred to were not intended to be eliminated from specifications or from plaintiff's bid, that there was no interference by the own-

ers which caused additional costs to plaintiff, and that the plaintiff knew prior to execution of the contract that the Parrys could not finance the additional construction. The court further found that when the services of defendant's architect were terminated on July 19, 1951, the plaintiff agreed with the defendant to continue construction without the services of an architect, pursuant to the other terms of the contract, except that defendants should not withhold the ten per cent provided by the contract to be retained until completion. We think these findings of the trial court are sustained by competent evidence and that they should not be disturbed. It is a rule of this court that, even in an equity case in which it has the right to review the evidence and make its own findings, it will not disturb a finding of the trial court based upon conflicting evidence unless the evidence clearly preponderates against the finding. Wilcox v. Cloward, 88 Utah 503, 56 P.2d 1. It must also be noted that in the matters referred to, plaintiff relies chiefly upon alleged promises and representations of the architect, and upon the contention that the architect was agent for the defendants. An architect is not ordinarily a general agent of his employer (3 Am.Jur. 1000) and in this instance it was expressly so provided in the contract documents. Clearly he did not have authority to bind Parry on a promise of construction of another structure.

Plaintiff's sixth point is that even if the contract were not voidable it could not be construed to require plaintiff to furnish items in excess of those on which the architect, as agent of the owners, instructed plaintiff to base his bid. We find no merit to this point. The items complained of were described and included within the written specifications and we find no reason to reject the trial court's finding that they were not intended to be eliminated. It would constitute a strange departure from the rule relating to the effect of a written contract to sustain the contention of plaintiff on this point. Also the architect, testifying as plaintiff's witness, stated that the estimates on plumbing furnished by him to plaintiff at the time of plaintiff's bid included cost of water and sewer connections which is one of the chief items objected to by plaintiff under this head.

Plaintiff's seventh assignment is directed against the trial court's finding that, when the defendant's architect's services were terminated on July 19, 1951, the defendant agreed with plaintiff to complete the construction without the services of an architect. We think the circumstances shown by the evidence clearly support this finding of the court. The construction was continued. The plaintiff continued to bill the defendant in accordance with the terms of the original contract. He was paid according to such billings, including the 10% formerly withheld. But even if there was no modification of the agreement such as found by the court, the liability of the defendant would not be changed, in the absence of some other new agreement be-

ing effected between the parties. A mere failure or even a refusal to appoint another architect would not ipso facto terminate the contract. If it constituted a breach of an essential part of the contract, the plaintiff might, by acting promptly, claim the right to then terminate the contract. We think it clear from the evidence that he made no such claim and that there was no termination nor any new agreement for construction on the cost-plus basis.

Plaintiff's final point is that the court erred in failing to allow, even as extras, costs incurred by plaintiff through the conduct of defendants and their architect and also in its findings as to costs of extras which were to be paid for on a cost-plus basis. It appears from the detailed findings that the trial court went into the matter of extras very meticulously and we have not found anything to justify us in disturbing such findings. Likewise, the finding of the trial court that the defendants did not interfere with plaintiff or his workmen or cause delays or extra costs to plaintiff by entering into arguments with the architect is supported by competent evidence and therefore should not be changed by us.

The decree is affirmed, with costs to respondents.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.

WOLFE, C. J., being disqualified, did not participate in the hearing of this cause.