398 P.2d 544

**BUILD, INC., a Utah corporation, Plaintiff and Respondent,**

v.

**John G. ITALASANO and Theo Italasano, his wife, Defendants and Appellants.**

**No. 10093.**

Supreme Court of Utah.

Jan. 25, 1965.

which they claimed were suffered by reason of Build's breach of contract. From an adverse judgment against them, the Italasanos appeal.

Without the benefit of a written contract, Build agreed to, and did, construct a home for the Italasanos. It is contended by the Italasanos that it was the oral understanding between the parties that the cost of the home would not exceed $15,000. Build, on the other hand, contends that it was agreed that it was to be paid on a "cost-plus" basis.

After receiving evidence from both sides, the trial court found that there had been no meeting of the minds and thus, no enforceable contract. It thereupon, in order to effectuate substantial justice in equity, concluded that from the evidence, on a quasi-contractual basis, Build was entitled to judgment for $3,483.43. Judgment was entered accordingly, and the counterclaim of the Italasanos was dismissed.

■ On appeal the Italasanos argue that, inasmuch as the lower court applied rules of equity to reach its judgment, this court should treat the action as one in equity and review the evidence and make its own findings.[1] However, such is not the case. The complaint of Build was not founded upon an express contract, but was in the nature of the common law general assumpsit.[2] The trial court, finding no express or

S. Mark Johnson, Bountiful, for appellants.

Horace J. Knowlton, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff, Build, Inc. brought suit for moneys alleged to be the balance due and owing for the construction of a home for the defendants,. Mr. and Mrs. Italasano. The latter counterclaimed for damages

---

1. Millard v. Parry, 2 Utah 2d 217, 271 P.2d 852 (1954).

2. See 7 C.J.S. Assumpsit, Action of 9c(2) bb p. 116.

enforceable contract, did find that there was a quasi-contractual relationship which is a law, rather than an equity, action.[3] It thereupon assessed the value of the benefits conferred upon the Italasanos by Build and entered judgment accordingly.[4]

In reviewing the record, we cannot say that the lower court's findings and judgment, viewed in the light most favorable to them, were unsound or unreasonable.[5]

Affirmed. Costs to Build, Inc.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

3. Corbin on Contracts, Vol. 1, Sec. 20, pp. 50, 51.
4. Hughes v. Oberholtzer, 162 Ohio St. 330, 123 N.E.2d 393 (1954).

5. Cheney v. Rucker, 14 Utah 2d 205, 381 P.2d 86 (1963).